### JAMES F. WHITE & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. January 4, 1896.)

#### No. 1,067.

CUSTOMS DUTIES—EVIDENCE BEFORE GENERAL APPRAISERS—ADMISSIBILITY OF AFFIDAVITS.

> There is no provision for any relaxation of the ordinary rules of evidence in taking proofs before United States General Appraisers, and ex parte affidavits are not admissible before a General Appraiser sitting as referee for the introduction of evidence in the Circuit Court, as provided in Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933].

On Application for Review of Decisions of the Board of United States General Appraisers.

In the decisions below (unpublished) the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York, overruling the importers' contention that certain canvas classified as composed chiefly of flax or hemp was in fact composed chiefly of jute. On appeal to the Circuit Court the importers, under the provisions of Customs

Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933], secured an order for further evidence to be taken before a General Appraiser as referee, and offered in evidence certain ex parte affidavits. The relevant portions of said act read as follows:

"Sec. 15. * * * And all the evidence taken by and before said appraisers shall be competent evidence before said Circuit Court; and within twenty days after the aforesaid return is made the court may * * * refer it to one of said General Appraisers, as an officer of the court, to take and return to the court such further evidence as may be offered, * * * in such order and under such rules as the court may prescribe; and such further evidence, with the aforesaid return, shall constitute the record upon which said Circuit Court shall give priority to and proceed to hear and determine the questions of law and fact involved in such decision.

"Sec. 16. That the General Appraisers, or any of them, are hereby authorized to administer oaths, and * * * may cite to appear before them, and examine upon oath any owner, importer, agent, consignee or other person touching any matter or thing which they or either of them may deem material respecting any imported merchandise, in ascertaining the dutiable value or classification thereof."

Stanley, Clarke & Smith (Stephen G. Clarke, of counsel), for importers.

Henry C. Platt, Asst. U. S. Atty.

WHEELER, District Judge. The question raised by the protest and appeal in this case is whether the component material of chief value in this importation is flax or hemp under paragraph 371, or jute, under paragraph 374, of the tariff act of Oct. 1, 1890, c. 1244, § 1, Schedule J, 26 Stat. 593, 594. If ex parte affidavits of the manufacturers not used before the Appraisers might be considered here, it might be found to be jute; otherwise not. While section 11 of the customs administrative act of 1890 (Act June 10, 1890, c. 407, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1924]) requires appraisers to "use all available means to ascertain" the dutiable value, section 15 prescribes that the evidence taken by the appraisers and their finding, with such "further evidence" as may be taken by referee under the direction of the Circuit Court, shall constitute the record on appeal to that court. There is no provision for any relaxation of the ordinary rules of evidence in taking proofs, for use in court or anywhere, by the Appraisers.

Judgment affirmed.