UNITED STATES v. ZUCCA & CO. SAME v. STAMATOPOULOS.

SAME v. CALOGERA.

(Circuit Court, S. D. New York. November 9, 1909.)

Nos. 4,806, 4,807, 4,819.

1. CUSTOMS DUTIES (§ 38*) — CLASSIFICATION — RIPE OLIVES — "FRUITS IN BRINE."

Ripe olives, sometimes called "black olives," are free of duty under Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 559, 30 Stat. 198 (U. S. Comp. St. 1901, p. 1683) as "fruits in brine."

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*

For other definitions, see Words and Phrases, vol. 4, pp. 2993–2944.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** CUSTOMS DUTIES (§ 30*) — CLASSIFICATION — "OLIVES PREPARED"—IMMERSION IN BRINE.

Olives which have been immersed in salt and water for the purpose of preserving them from decay in shipment, and which had been subjected to no preparation to fit them for eating, are not "olives prepared," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 264, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 30.*]

**3.** CUSTOMS DUTIES (§ 85*)—EVIDENCE—EX PARTE AFFIDAVITS.

Affidavits taken ex parte, without notice or agreement, are not admissible in proceedings in the Circuit Court for the admission of evidence before a referee, on appeal from the Board of General Appraisers under Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 (U. S. Comp. St. 1901, p. 1933).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 85.*]

On Application for Review of Decisions by the Board of United States General Appraisers.

One of the decisions below is reported as G. A. 6,505 (T. D. 27,793). The Board of Appraisers sustained the importers' protests against the assessment of duty by the collector of customs at the port of New York.

D. Frank Lloyd, Deputy Asst. Atty. Gen., for the United States.

Brown & Gerry (James L. Gerry, of counsel), for Calogera.

Hatch & Clute (Walter F. Welch, of counsel), for other importers.

MARTIN, District Judge. The articles in question are ripe olives, sometimes called "black olives," and are imported in casks. Paragraph 264 of the act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651]) provides for "olives, green or prepared, * * * in casks, * * * 15 cents per gallon." The collector assessed duty upon the importations in question under that provision. The importers claim free entry under paragraph 559 of said act, which relates to "fruits or berries, green, ripe, or dried, and fruits in brine, not specially provided for in this act."

It is conceded that these olives are not green; but it is claimed by the government that they are prepared, and that the preparation is such that they should be classified the same as are green olives. The evidence before the Board of Appraisers was that these olives were grown in Greece and Turkey; that there had been no preparation of the olives to fit them for eating; and that they were immersed in salt and water for the purpose of preserving them from decay in shipment. Considerable evidence has been taken on notice by the importers, since the decision of the Board, in which the witnesses explain more fully the characteristics of the olives raised in Greece and Turkey. This additional evidence on the part of the importers confirms the testimony before the Board that the olives in question had received no preparation, except the application of salt and water. They testify that the ripe olive may be eaten in its natural condition, although it is a little bitter in taste, and that the brine tempers the bitterness a "little."

The government has introduced several affidavits taken ex parte, without notice and without agreement. These affidavits are objected to on the part of the importers. In White v. United States (C. C.) 154 Fed. 175, T. D. 28,147, it was held that ex parte affidavits cannot be introduced before the referee of the circuit court in this class of cases. Applying the doctrine of that case to the case at bar, it would exclude these affidavits. Under this holding there is no evidence before the court except that adduced by the importer.

I know of no case where the courts have held that the application of salt and water alone constitutes a preparation, nor do I believe that such was the intent of Congress in using that language.

Counsel for the government stated on argument that the olive industry in California will be seriously affected by the ruling of the Board in this case, and he contends that the affidavits above referred to will shed light upon the question before the court. I have read these affidavits with care, notwithstanding I hold that they are not admissible, and to my mind they do not change the facts. They simply show that the olives grown in California, when permitted to ripen, are so extremely bitter that they cannot be eaten, and an elaborate preparation is necessary to make them edible. There is no evidence even tending to show that such is true with respect to the olives imported. Not one of the affiants claims to know that the preparation outlined by him is necessary or is followed as to the foreign-grown olive.

As the new tariff law of 1909 (Act Aug. 5, 1909, c. 6, § 1, Schedule G, par. 275, 36 Stat. 38 [U. S. Comp. St. Supp. 1909, p. 690]), puts all olives on the same footing, it is unnecessary to further discuss the question, as any decision now made in the case at bar can only affect pending cases.

The decision of the Board is affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes